# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5677 | **DATE** | 9/16/10 |
| **CASE TITLE** | Rodney Miller (2010-0114212) vs. Grekstas, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $2.53 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state a claim on which relief may be granted. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel [4] is denied as moot.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff, Rodney Miller, a detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $2.53. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A(b)(1), the Court is directed to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Plaintiff alleges that he was improperly charged with a felony related to a vehicle that he had purchased. Attachments included with his complaint indicate that he was arrested on November 20, 2006, and shortly thereafter, the vehicle that he was driving at the time of his arrest was reported stolen. He alleges that on November 26, 2006, Detective Deyoung telephoned the wife of the man who sold Plaintiff the vehicle and told her that the vehicle was involved in an accident and that there was no insurance on the vehicle. This information gave the wife reason to falsely testify or report the car stolen on that same date.

Plaintiff was later charged through a single count felony information with aggravated possession of a stolen vehicle. He alleges that State's Attorney Voigt prematurely approved felony charges against him and that Assistant State's Attorney Grekstas and Caraher maliciously prosecuted him after they became aware that someone had sold Plaintiff the vehicle in question.

A resulting criminal trial took place in 2009 and early 2010. On February 11, 2010, Plaintiff was found guilty "on erroneous information outside the record."

Plaintiff names State's Attorney Voigt and Assistant State's Attorney Grekstas and Caraher as Defendants based on their alleged malicious prosecution and the resulting wrongful conviction. However, it is well-settled that prosecutors are absolutely immune from a suit for damages under Section 1983 for initiating a prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (*Imbler*). Further, it is well-established that a prosecutor is entitled to absolute immunity from suit under § 1983 with respect to certain types of official conduct, including initiation and pursuit of criminal prosecution, presentation of the state's case at trial and any other conduct that is closely associated with the judicial process. *See Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir. 1995); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (*Buckley*); *Imbler*, 424 U.S. at 427.

Prosecutors are entitled to "absolute immunity when their actions are within the scope of their prosecutorial duties." *Arnold v. McClain*, 926 F.2d 963, 967 (10th Cir. 1991); *see, e.g.*, *Wolfe v. Perry*, 412 F.3d 707, 722 (6th Cir. 2005). A prosecuting attorney is "fully protected by absolute immunity when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). This protection of immunity includes a prosecutor's decision not to pursue charges as well. *Potts v. O'Malley*, 1995 WL 745960 at 3 (N.D. Ill. Dec. 1, 1995) (*Potts*), *citing Ross Yordy Const. Co. v. Naylor*, 55 F.3d 285, 287 (7th Cir. 1995). Absolute immunity even shields a prosecutor "if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *see, e.g., Siegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997). The protection extends to acts both in and out of the courtroom where the prosecutor is acting in his role as an advocate for the State. *Pinaud v. Co. of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995), *citing Buckley*, 509 U.S. at 259. In addition, absolute prosecutorial immunity is applicable and extends to all assistant state's attorneys in the offices of the State's Attorney of Cook County. *See Potts*, 1995 WL 745960 at *3.

Because all of Plaintiff's allegations against these Defendants arise from the performance of prosecutorial duties by a state's attorney and all of the allegations are directly related to the prosecution of the charges against Plaintiff in the underlying criminal proceedings, Plaintiff's claims against these Defendants are barred by absolute prosecutorial immunity.

Plaintiff also names Detective Deyoung/South Holland Police Department as a Defendant(s) (it is unclear whether both are named Defendants or Plaintiff just included Deyoung's title as neither are listed as a party within the complaint). The only allegations against Detective Deyoung/South Holland Police Department is that Detective Deyoung telephoned the believed owner of the vehicle in November of 2006 to inform her that her vehicle was involved in an accident and that it was not insured. While Plaintiff alleges that this information gave the woman reason to falsely bring charges against Plaintiff, such allegation fails to allege a constitutional violation by Detective Deyoung/South Holland Police Department. *See Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004) (to be liable under the Civil Rights Act, an individual must have both acted under color of state law and violated a constitutional right).

The Court further notes that any claim for malicious prosecution is not actionable in federal court because there is no constitutional tort for malicious prosecution as Plaintiff has a state-law remedy. *See Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir.), *rehearing and rehearing en banc denied*, 260 F.3d 824 (7th Cir. 2001). In addition, Plaintiff affirmatively pleads that he was recently convicted in the state criminal proceedings. To prevail on a malicious prosecution claim under Illinois law, Plaintiff must show: (1) a commencement or continuation of an original civil or criminal proceeding by the defendant, (2) the termination of the proceeding in the plaintiff's favor, (3) the absence of probable cause for the proceeding, (4) malice on the part of the defendant, and (5) damages. *See Gray v. Burke*, 466 F. Supp. 2d 991, 999-1000 (N.D. Ill. 2006) (Moran, J.); *Swick v. Liataud*, 169 Ill. 2d 504, 512 (1996). The lack of even one of these elements bars the plaintiff from pursuing the claim. *See Swick*, 169 Ill. 2d at 512. Thus, Plaintiff cannot state a claim for malicious prosecution as the proceedings were not terminated in his favor.

Additionally, any claim against Detective Deyoung based on his actions of November 20, 2006, would be time barred. Section 1983 claims are governed by the forum state's personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (*Johnson*). In Illinois, the limitations period for a Section 1983 claim is two years. *See Johnson*, 272 F.3d at 521. Furthermore, a Section 1983 action accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). Thus, claims (such as false arrest) based on Detective Deyoung's conduct

| STATEMENT |
|---|

that occurred on November 20, 2006, would have had to have been filed before November 20, 2008.

Lastly, although Plaintiff has filed his complaint as a civil action, he appears to be attacking his recent conviction in state court. The Court cannot, in the context of a civil rights action, entertain such a claim. Plaintiff may seek relief for the alleged wrongful conviction only through a petition for a writ of *habeas corpus* filed after exhaustion of state remedies; such relief is not available in a suit brought under Section 1983. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005), *quoting Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir.1991) ("If the prisoner is seeking what can fairly be described as a quantum change in the level of custody–whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation . . . then habeas corpus is his remedy."). Nor can this Court "convert" the instant civil rights action into a *habeas corpus* petition and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Pischke*, 178 F.3d at 500.

Based on the above, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. The dismissal of this case counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). If three of Plaintiff's suits or appeals are dismissed as frivolous or malicious or for failure to state a claim, he will be prevented from filing a civil complaint or appeal without prepaying the filing fee, unless he can demonstrate that he is in imminent danger of serious bodily injury. *See* § 1915(g).

Plaintiff may appeal this dismissal by filing a notice of appeal in this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to proceed *in forma pauperis* on appeal, he must submit a motion for leave to appeal *in forma pauperis*, which should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, he may accumulate another "strike" under § 1915(g).

*[signature: George W. Lindberg]*